■ In the Matter of AMERICAN MOTORS SALES CORPORATION, Respondent, v PEGGY LAPIDUS, Appellant, and ROBERT ABRAMS, as Attorney-General of the State of New York, Intervenor-Appellant.—In a proceeding pursuant to CPLR article 75 seeking to vacate an arbitration award, the appeals are from a judgment of the Supreme Court, Westchcster County (Nastasi, J.), entered November 13, 1987, which granted the petition and vacated the arbitration award. By motion No. 3706, the petitioner moves to dismiss the appeal of

the Attorney-General and by cross motion No. 3707 the Attorney-General moves for leave to file an *amicus curiae* brief on the appeal of Peggy Lapidus. By cross motion No. 3708 Peggy Lapidus moves for leave to adopt the note of issue, brief and record on appeal filed by the Attorney-General.

Ordered that the motions are granted, and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The underlying facts of this proceeding are essentially undisputed by the parties. On November 1, 1983, Peggy Lapidus purchased a 1983 Renault Fuego automobile for $12,832.50 from an authorized dealer of the petitioner American Motors Sales Corporation (hereinafter AMSC). The vehicle had previously been used as a dealer demonstrator vehicle and, on the date of purchase, had been driven approximately 1,758 miles. The vehicle was sold pursuant to a new car warranty effective November 1, 1983. The record herein does not expressly indicate whether the warranty which Lapidus received was a manufacturer's warranty or a dealer's warranty, although the invoice for the vehicle states, in pertinent part, "[a]ny warranties on the products sold here are those made by the *manufacturer*" (emphasis added). The certificate of title for Lapidus's vehicle as well as the car invoice described the vehicle as a "new" car.

Shortly after her purchase of the vehicle, Lapidus began experiencing difficulties with, *inter alia,* the car's brakes, sunroof, transmission, battery and exhaust system. Lapidus had her vehicle serviced for these and related mechanical difficulties; however, despite these attempts, the requested repairs were never successfully completed.

On February 9, 1987, Lapidus filed a request for compulsory arbitration pursuant to General Business Law § 198-a (k) which had become effective one month earlier *(see,* L 1986, ch 799, § 4, eff Jan. 1, 1987). Lapidus sought a full refund of the purchase price of the car. Following a hearing, the arbitrator in April 1987 rendered a decision in Lapidus's favor and awarded her the sum of $11,785 which represented the purchase price paid for the vehicle, i.e., $12,809, less a $1,024 deduction for the vehicle's mileage over 12,000 miles *(see,* General Business Law § 198-a [c] [1]; [a] [4]).

AMSC thereafter commenced the instant proceeding pursuant to CPLR article 75 seeking to vacate the arbitration award on the basis that the arbitrator exceeded her authority in rendering the award. AMSC argued, in essence, that since

Lapidus did not purchase a new motor vehicle within the meaning of the New Car Lemon Law (General Business Law § 198-a), she was not entitled to avail herself of the compulsory arbitration provisions under that statute (General Business Law § 198-a [k]). The Supreme Court agreed with AMSC's reasoning and granted its petition.

We affirm the Supreme Court's judgment and grant the motions for the reasons set forth in *Matter of American Motors Sales Corp. v Brown* (152 AD2d 343). In doing so, we conclude that in the absence of an express statutory mandate to indicate that dealer demonstrator vehicles are to be treated as "new motor vehicles" rather than "used motor vehicles" for the purposes of the Lemon Law statutes, this court is without authority to contradict the explicit language of the statute. Motor vehicles which have been used as dealer demonstrator vehicles clearly fall within the statutory definition of a "used motor vehicle" within the meaning of the Used Car Lemon Law (General Business Law § 198-b [a] [2]).

In view of the foregoing, we do not reach the issue of whether Lapidus qualified as a "consumer" within the meaning of the New Car Lemon Law (General Business Law § 198-a [a] [1]) notwithstanding the fact that the vehicle had previously been used for the dealer's business purposes; nor is it necessary to determine whether the compulsory arbitration provision of the New Car Lemon Law (General Business Law § 198-a [k]) applies retroactively to new motor vehicles which were purchased prior to the effective date of that provision. Mollen, P. J., Mangano, Spatt and Rosenblatt, JJ., concur.

Sullivan, J., concurs in part and dissents in part and votes to grant motion No. 3706, cross motion No. 3707 and cross motion No. 3708, and to reverse the judgment appealed from and to remit the matter to the Supreme Court, Westchester County, for further proceedings consistent with the following memorandum: I vote to grant motions Nos. 3706, 3707 and 3708 and to reverse the judgment appealed from and to remit the matter to the Supreme Court, Westchester County, for further proceedings consistent herewith, for the reasons set forth in my dissenting opinion in *Matter of American Motors Sales Corp. v Brown* (152 AD2d 343). Additionally, I note that this case presents an even more factually compelling basis for reversal than its companion appeal, as both the bill of sale and the title for the subject vehicle identified it as "new". Inasmuch as General Business Law § 198-a contains no explicit provision excluding purchasers of "demonstrator" vehicles from the broad spectrum of rights which it affords con-

sumers, I discern no rationale for adopting the Supreme Court's overly narrow interpretation of the statute so as to deny Peggy Lapidus relief under General Business Law § 198-a *(see, General Motors Corp. v Cotton,* Sup Ct, Westchester County, June 19, 1987, Marbach, J.).

While I conclude that reversal is mandated, the matter should be remitted for consideration of the parties' additional claims—to wit, AMSC's contentions that the defects complained of did not arise until more than two years after ownership of the vehicle and did not substantially impair its value, and Lapidus's claim for counsel fees.